IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:05-CR-102-H
NO. 4:08-CV-25-H

| | |
|---|---|
| REGINALD LAVERNE ROBERTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Respondent filed a motion to dismiss or in the alternative for summary judgment, and petitioner has responded by filing a "Motion to Move Forward with 28 U.S.C. § 2255." This matter is ripe for adjudication.

### BACKGROUND

Petitioner pled guilty pursuant to a plea agreement, of conspiracy to possess with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841. The Court imposed a sentence of seventy-eight months' confinement. Petitioner moved the court for notice of appeal (pro se) on May 25, 2007. [DE #64.] This court treated the pleading as a

request for an extension of time to file an appeal and denied the request on June 1, 2007. [DE #65.] On January 17, 2008, petitioner filed a motion for retroactive application of sentencing guidelines as to crack cocaine offenses. Petitioner subsequently filed a motion to vacate his current sentence under 28 U.S.C. § 2255 on February 11, 2008, but asked the court to hold his § 2255 motion in abeyance until the court ruled on his crack cocaine sentence reduction motion. On September 29, 2008, the court ruled on his motion to reduce his crack related offense sentence and reduced his sentence from seventy-eight months to sixty-five months.[1] By filing October 16, 2008, petitioner noticed an appeal of the court's order reducing his sentence. The Court of Appeals affirmed this court's order on March 24, 2009.

## COURT'S DISCUSSION

Petitioner filed the present motion for relief alleging four grounds of ineffective assistance of counsel: (1) Counsel was ineffective by erring in pre-trial, presentencing and sentencing matters; (2) Counsel was ineffective during critical stages of the criminal proceeding including pre-trial investigation, pretrial proceedings, the presentence report

---

[1] Petitioner was released from the custody of the Bureau of Prisons on July 16, 2010, to begin his term of supervised release.
2

interview and sentencing; (3) Counsel was ineffective because he made cumulative errors during pretrial proceedings and sentencing, failed to prepare for trial, failed to investigate and outline the prosecution's strategy, failed to file an appeal, misrepresented appellate rights, and otherwise failed to zealously represent petitioner's interest; and (4) Counsel failed to "raise issues, impeach suppress informants statements."

I.   **Failure to File Appeal**

By order filed November 18, 2010, this court referred this matter to United States Magistrate Judge David W. Daniel to conduct an evidentiary hearing as to whether petitioner timely instructed his attorney to file an appeal. Said hearing was held on January 25, 2011, and in a memorandum and recommendation ("M&R") filed February 16, 2011, Judge Daniel recommended that petitioner's claim for ineffective assistance of counsel based on a failure to timely file an appeal be DISMISSED.

Petitioner has filed no objections to the M&R and the time for doing so has expired. A full and careful review of the M&R convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved.

3

Accordingly, the court hereby adopts the recommendation of the magistrate judge as its own; and, for the reasons stated therein, petitioner's 28 U.S.C. § 2255 claim for ineffective assistance of counsel based on a failure to file an appeal when asked is DISMISSED.

II.  **Other Claims**

Petitioner entered his plea, as noted above, on December 4, 2006, pursuant to a written plea agreement which contained a valid Wiggins waiver.  See United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990) (approving appeal waivers in plea agreements). Specifically, defendant waived the right to appeal

> whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisor Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of Defendant's guilty plea.

(Plea Agreement at 1-2 [DE #56].)

Therefore, all of petitioner's claims which relate to pre-guilty plea issues are barred by his valid Wiggins waiver. Petitioner knew about these issues at the time he pled guilty.

4

In regard to the ineffective assistance claims based on the sentencing process, petitioner's claims also fail because he has failed to satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, petitioner first must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner's claims are conclusory in nature. The record shows that counsel advised petitioner of the guideline range. Counsel also argued for a downward departure and attempted to obtain a Rule 35 motion for his client at various times after sentencing. Petitioner has not shown that his counsel failed to meet the Strickland standard of reasonableness nor has he shown that the outcome would have been different. Therefore, petitioner's claims of ineffective assistance of counsel fail.

5

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, or in the alternative, for summary judgment is GRANTED. Petitioner's § 2255 motion is DISMISSED. All other pending motions are deemed moot. The clerk is directed to close this case.

This 22" day of March 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

6

Case 4:05-cr-00102-H   Document 119   Filed 03/22/11   Page 6 of 6